**Ronald GOMEZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 12–72799.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2015.*

Filed Nov. 25, 2015.

Ian Silverberg, Esquire, Law Offices of Ian Silverberg, Reno, NV, for Petitioner.

Oil, Anh–Thu Mai–Windle, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Department of Homeland Security, San Francisco, CA, for Respondent.

Before: MELLOY,\*\* IKUTA, and HURWITZ, Circuit Judges.

MEMORANDUM \*\*\*

Ronald Gomez petitions for review of a Board of Immigration Appeals ("BIA") decision affirming the determination by an immigration judge ("IJ") that Gomez is ineligible for special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105–100, 111 Stat. 2160 (1998). We deny the petition.

When he applied for cancellation of removal, Gomez had two criminal convictions, a 1996 conviction for petit larceny, and a 2005 conviction for domestic battery. Although the 1996 conviction fell within the petty offense exception of Immigration and Nationality Act ("INA") § 212(a)(2)(A)(ii), 8 U.S.C. § 1182(a)(2)(A)(ii), Gomez does not dispute that the 2005 conviction was for a crime involving moral turpitude. *See Uppal v. Holder,* 605 F.3d 712, 717–18 (9th Cir. 2010). Gomez therefore became inadmissible under INA § 212(a)(2)(A)(i)(I) on March 31, 2005, the date of the second conviction. And, as a consequence of the second conviction, Gomez could not establish the requisite ten-year good moral

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

character requirement for cancellation of removal under NACARA § 203(B).

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.